**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANK TEESDALE, DEBBIE TEESDALE,** | ) | |
| **ARASELI LUNA, GLEN ZDZIARSKI,** | ) | |
| **DIANE ZDZIARSKI, and GARFIELD RIDGE** | ) | |
| **BAPTIST CHURCH,** | ) | |
| | ) | **No. 09 C 4046** |
| **Plaintiffs,** | ) | |
| | ) | **Judge William T. Hart** |
| **v.** | ) | |
| | ) | **Magistrate Judge Nan R. Nolan** |
| | ) | |
| **CITY OF CHICAGO, an Illinois municipal** | ) | |
| **corporation, OFFICER JOHN SVIENTY, in** | ) | |
| **both his official and individual capacities,** | ) | |
| **OFFICER MEGAN AQUINAGA, in both her** | ) | |
| **official and individual capacities, and** | ) | |
| **JOHN DOES 1-10, in both their official and** | ) | |
| **individual capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF CHICAGO'S OPPOSITION TO PLAINTIFFS'
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Plaintiffs seek a temporary restraining order ("TRO") restraining Defendants from "obstructing or threatening to obstruct Plaintiffs from exercising their constitutionally protected rights on the public streets during the 2009 St. Symphorosa Family Fest," and also seek an order "directing Defendants to allow the distribution of Plaintiffs' religious literature with the same degree of protection with all the rights and privileges afforded similarly situated persons." See Plaintiffs' Emergency Motion for Temporary Restraining Order ("TRO Motion" or "TRO Mot.") p. 9 ¶ A. The Court should deny Plaintiffs' request, however, because (1) Plaintiffs lack standing to enjoin future, speculative acts by Defendants; and (2) Plaintiffs cannot demonstrate any likelihood of success on

the merits because they have no First Amendment right to preach in an area set aside by permit for

use by another group.

## FACTUAL BACKGROUND

Plaintiffs, the Garfield Baptist Church and several of its members (Compl. ¶¶ 10-15), seek

to utilize the 2009 St. Symphorosa Family Fest as a forum to "street preach" and pass out literature

pursuant to their religious belief.  TRO Mot. at ¶¶ 6, 12, 14.  The St. Symphorosa Family Fest is an

event produced by St. Symphorosa Parish, a Roman Catholic parish of the Chicago Archdiocese and

for which St. Symphorosa was required to obtain Special Event Permits from the City of Chicago

both in 2008 and for this year's 2009 festival.  Compl. ¶¶ 25-26, Exhibit B thereto; Declaration of

Joseph Dillon ("Dillon Decl.") attached hereto as Exhibit 1 at ¶¶ 2, 3, 5, 6, Exhibits A and B thereto.

At last year's 2008 St. Symphorosa Family Fest, Plaintiffs brought signs, sandwich boards,

a banner and a megaphone to use as part of their "street preaching."  Compl. ¶¶ 31, 40, 53.  Plaintiffs

also distributed anti-Catholic literature at the 2008 St. Symphorosa Family Fest.[1]  Dillon Decl. ¶¶

10-11 and Exhibit D thereto.  It is not clear from Plaintiffs' court filings what methods they plan to

use to "street preach" at the 2009 St. Symphorosa Family Fest.  Plaintiff Frank Teesdale's

Declaration states that he wants to enter the St. Symphorosa Family Fest "to hand out religious tracts

and speak to people about salvation by faith in Jesus Christ."  Frank Teesdale Declaration ("Teesdale

Decl.") ¶ 57.  He further states that he is "willing to not use amplification."  Id. ¶ 59.  Notably, Pastor

Teesdale does not affirmatively state that he will not use amplification, nor that he will not pass out

anti-Catholic literature.  Thus, Plaintiffs' "street preaching" at this year's festival has the potential

---

[1]  The literature Plaintiffs distributed questioned whether Roman Catholics were
Christians and called Roman Catholicism an "evil" religion.  See Dillon Decl. ¶ 11.

to be disruptive to other Family Fest attendees, many of whom, if not most, are members of the Catholic faith.

## ARGUMENT

### I.      Plaintiffs Lack Standing To Assert a Claim For Equitable Relief.

In essence, Plaintiffs are seeking an injunction enjoining Defendants from arresting them for trespassing at the St. Symphorosa Family Fest based upon the fact that one of their members was allegedly arrested at the 2008 Fest. Plaintiffs, however, lack standing to assert a claim for equitable relief to enjoin the possibility of future arrest simply on the basis of one arrest which occurred in the past. See City of Los Angeles v. Lyons, 461 U.S. 95 (1983). In Lyons, the plaintiff who had been stopped for a traffic violation was allegedly subjected to a choke hold by the police and sought an injunction enjoining the Los Angeles police from using choke holds in the future. The Supreme Court held that there was no federal jurisdiction over the plaintiff's claim for injunctive relief because the plaintiff could not demonstrate that it was reasonably likely that he would be subjected to such conduct in the future. Therefore, according to the Court, the plaintiff could not demonstrate an "immediate and real injury" sufficient to satisfy the "case or controversy" requirement for federal jurisdiction. The Court stated that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief. . . ." 414 U.S. at 495-96. Accord Robinson v. City of Chicago, 868 F.2d 959 (7th Cir. 1989) (former arrestees lacked standing to seek equitable relief with regard to city police department's investigative detention policies); see also Alvarez v. City of Chicago, 649 F.Supp. 43 (N.D. Ill. 1986) (Bua, J.) ( plaintiffs' allegation of two prior arrests was not sufficient to show the threat of future injury).

Plaintiffs here allege only one prior arrest of its members at last year's 2008 St. Symphorosa's Family Fest. They do not allege any facts that would satisfy the Supreme Court's articulated requirement in <u>Lyons</u> that show that they face a "real and immediate" situation of being arrested again. 461 U.S. at 102. Nor do Plaintiffs allege that Defendants have an express policy or practice of arresting individuals for the same conduct that Plaintiffs allegedly engaged in such that it would be highly likely or predictable that Plaintiffs would be arrested pursuant to such a policy or practice in the future. Moreover, Plaintiffs do not allege that they will engage in the same conduct as last year. Indeed, the Declaration of Frank Teesdale, attached to Plaintiffs' TRO Motion, asserts that he may in fact engage in different conduct at this year's St. Symphorosa Fest from the conduct he engaged in last year which caused him, at least in part, to be arrested. <u>See</u> Teesdale Decl. ¶ 59 ("I am willing to not use amplification."). Thus, Plaintiffs' claim that they will be obstructed from exercising their religious views at this year's Fest by being arrested is speculative and, under <u>Lyons</u>, cannot serve as a basis for federal court jurisdiction.

## II.    Use of the Public Forum Here is Restricted By the City's Permitting Scheme.

Plaintiff's Complaint raises several claims against Defendants, but their TRO Motion focuses exclusively on their First Amendment claim. The City will focus on the same.[2]

Plaintiffs assert that public fora have traditionally been considered available for public speech. Plaintiffs, however, acknowledge that the City may impose reasonable time, place and manner restrictions on a public forum. TRO Mot. at 6. Plaintiffs then ignore the fact that St. Symphorosa obtained Special Event Permits from the City of Chicago to host their 2008 and 2009

---

[2]  Due to time constraints, the City is only filing this written opposition on a few points, without waiving its ability to contest other issues at the hearing on the TRO Motion or in subsequent motions to dismiss or motions for summary judgment.

Family Fests.[3] This is critical to the Court's analysis of this case. The right to free speech is not absolute and it is well-established that holding organized expressive events, such as rallies, parades or large-scale events, on public space is appropriately conditioned on a permit. <u>See, e.g.</u>, <u>Thomas v. Chicago Park District</u>, 534 U.S. 316, 322 (2002). Indeed, the rationale for such permitting is two-fold: its serves both the governmental interest in allocating and preserving its resources, and protecting the speech rights of those who seek to use the public space for expressive purposes. <u>Id.</u>

Plaintiffs' TRO Motion glosses over the fact that the City has granted a permit to St. Symphorosa to use the public way for its Family Fest. Plaintiffs simply ignore the body of law holding that when an event has been permitted, the First Amendment does not give others the right to participate in order to convey a message the permittee does not wish to convey. <u>See</u> <u>Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston</u>, 515 U.S. 557, 573-74 (1995) (organizers of parade who had permit to use the public way could not be required to include a group with a point of view other than the organizers' view).

Similarly, in <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 198-99, 200 (6th Cir. 1996), the court held that a municipality did not violate the First Amendment by allowing members of a rally held on the public commons to exclude a participant with a message they did not condone. Because the municipality granted a permit to a political organization, the court held that the political organization was justified in denying admission to the plaintiff who wanted to convey a different message. <u>Id.</u> As the court in <u>Sistrunk</u> noted, the plaintiff who wanted to participate could have held her own event on another day or at another time or could have conveyed her message from outside

---

[3] Plaintiffs do not challenge the legality of the City's permitting scheme, nor have they challenged any aspect of the permits issued to St. Symphorosa.

of the permitted event.  Id. at 199.  The same is true here.  The City did not violate the First

Amendment by enforcing its permit scheme to allow St. Symphorosa to hold its permitted event and

to allow it to exclude the Plaintiffs who wished to convey a message antithetical to St. Symphorosa

or the Catholic Church.  The Plaintiffs could convey their message elsewhere or at another time or

outside of the boundaries of the permit granted to St. Symphorosa.

In another case in the Northern District, the District Court held that counter-protesters did

not have a First Amendment right to participate in a permitted rally held in public space.  Concealed

Carry, Inc. v. City of Chicago, No. 02 C 7088, 2006 WL 2860975, at *6 (Sept. 28, 2006) (Andersen,

J.).[4]  "'[C]ontent-neutrality must govern the issuance of permits, but once issued, the permits may

be enforced in a way that protects the expression of the permitted message, even to the exclusion of

some other message.'"  Id. (quoting Schwitzgebel v. City of Strongsville, 898 F. Supp. 1208, 1219

(D. Ohio 1995), aff'd 97 F.3d 1462 (6th Cir. 1996).  There, the Court recognized that "[a] physical

intrusion into another event for the purpose of interjecting one's own convictions or beliefs is by

definition an interference, regardless of how insubstantial or insignificant it might appear."  Id. at

*7.

The Court should consider the impact that would be felt, not just by the Plaintiffs' conduct,

but rather, what would be felt if all individuals who wanted to intrude on the permitted activity, i.e.,

the Family Fest, did so.  Heffron v. International Society for Krishna Consciousness, Inc., 452 U.S.

640, 652-54 (1981).  Here, the impact of multiple megaphones, sandwich boards and banners could

---

[4]    The City recognizes that Concealed Carry, Inc. v. City of Chicago, No. 02 C 7088,
2006 WL 2860975 (Sept. 28, 2006) is not controlling authority for the Court, but cites it as
instructive and analogous to the facts of the instant case.  A copy of Concealed Carry is attached
hereto as Exhibit 2.

potentially cause safety hazards and extreme commotion, which the City justifiably would want to prevent. See Concealed Carry, 2006 WL 2860975, at *7. Moreover, the right to free speech includes the right to avoid certain statements of the speaker's choosing. See Hurley, 515 U.S. at 573. In this case, the City has a significant interest in preserving St. Symphorosa's right to have its message heard, rather than the anti-Catholic sentiments of Plaintiffs.

Plaintiffs also have ample alternative channels of communication. They can, of course, apply for a permit to hold their own festival or rally. They could even "street preach" at a location slightly removed from the Family Fest. See Schwitzgebel, 898 F. Supp. at 1218. Plaintiffs still have other channels open to them. They can distribute pamphlets or books in support of their position at other events held in the City and can communicate their views on the Internet. In short, Plaintiffs' ability to communicate their message in no way requires allowing them to intrude into the heart of a previously permitted Catholic festival. See Gresham v. Peterson, 225 F.3d 899, 906 (7th Cir. 2000) ("[a]n adequate alternative does not have to be the speaker's first or best choice, or one that provides the same audience or impact for the speech") (internal citations omitted).

Accordingly, Plaintiffs' First Amendment rights are not likely to be violated at the St. Symphorosa Family Fest and the Court should deny Plaintiffs' TRO Motion.

## CONCLUSION

For all the foregoing reasons, and for those that will be argued at the hearing on Plaintiffs' TRO Motion, the City respectfully requests that the Court deny Plaintiffs' request for a temporary restraining order.

Dated: July 8, 2009                                    Respectfully submitted,

Michael J. Dolesh                                      Mara S. Georges, Corporation Counsel
Rachel D. Powell                                       for the City of Chicago
City of Chicago Department of Law
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602                                BY: /s/ Rachel D. Powell
312-744-9028 / 744-7864                                      Assistant Corporation Counsel

8

## CERTIFICATE OF SERVICE

I, Rachel D. Powell, an attorney, hereby certify that on this day, the 8th day of July 2009, I caused a copy of the foregoing **Defendant City of Chicago's Opposition to Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction** to be served by Electronic Case Filing (ECF) on:

>           Andy Norman
>           John W. Mauck
>           Noel W. Sterett
>           Mauck & Baker, LLC
>           1 N. LaSalle, Suite 600
>           Chicago, Illinois 60602

>           /s/ Rachel D. Powell